**HICKEY v. CHAHOON.**

No. 88.

Circuit Court of Appeals. Second Circuit.

Jan. 2, 1946.

Writ of Certiorari Denied May 13, 1946.

See 66 S.Ct. 1022.

Samuel O. Clark, Jr. of Washington, D. C. (Sewall Key, A. F. Prescott, and Frederic G. Rita, all of Washington, D. C., and Irving J. Higbee, of Syracuse, N. Y., of counsel), for appellant.

Laurence Graves and Edward G. Griffin, both of New York City, for appellee.

Before SWAN, CHASE and FRANK, Circuit Judges.

FRANK, Circuit Judge.

We assume, merely arguendo, the strongest case for taxpayer, i.e., that the judgment below would have been correct had the taxpayer's participation in the indemnity agreements been necessary, or even seemingly necessary, to prevent substantial losses to the corporations other than the bank in which "he and his family were vitally interested and from which he was receiving substantial salaries." But the only possible source of such loss disclosed in the facts as found by the trial judge consisted of the loss of the deposits in the bank of those corporations; and from the facts as stated in Finding 7, the bank, although its capital was impaired, had sufficient assets to pay its depositors in full.

Taxpayer owned 148 shares of stock of the bank out of a total of 5,000 outstanding. His salary as the bank's president was $10,000 on September 28, 1931, when he signed the indemnity agreements, and was reduced to $5,500 about 2¼ years later, on January 1, 1934. The potential liability of $100,000 which taxpayer contracted under those agreements had no reasonable business relation to the loss he would have suffered had the bank been closed. The trial judge found that the agreements provided that "if the sale of bonds resulted in a profit, the profit was the bank's and not the subscribers'" among whom was the taxpayer. We think that the trial judge made an unjustifiable inference when he said that taxpayer's participation in the agreements "was a normal business transaction made to protect his extensive interests and substantial salaries in the various corporations, particularly" the bank. Accordingly, the transaction did not come within either (a) or (e) of Section 23. See Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212; Burnet v. Clark, 287 U.S. 410, 53 S.Ct. 207, 77 L.Ed. 397; In re Park's Estate, 2 Cir., 58 F.2d 965. On the facts here, Dunn & McCarthy v. Commissioner, 2 Cir., 139 F.2d 242, is inapposite.

Reversed.